UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON


CIVIL ACTION NO. 6:12-cv-171-KSF

PATRICIA DUFF                                                      PLAINTIFF

v.                              **OPINION & ORDER**

CAROLYN W. COLVIN,
Acting Commissioner of Social Security                    DEFENDANT

* * * * * * * * *

The plaintiff, Patricia Duff, brought this action pursuant to 42 U.S.C. § 405(g) to obtain

judicial review of an administrative decision of the Commissioner of Social Security denying her

application for disabled widow's benefits.  The Court, having reviewed the record, will affirm the

Commissioner's decision, as it is supported by substantial evidence.

I.      **FACTUAL AND PROCEDURAL BACKGROUND**

Duff filed her claim for benefits on December 2, 2004, claiming a disability that began on

November 20, 2000 [TR 48-52, 64-65].  Her claim was denied initially on February 8, 2005, and

again on reconsideration on June 10, 2005 [TR 32-42].  She then filed a written request for a hearing

before an Administrative Law Judge ("ALJ").  After the hearing held on April 27, 2006, the ALJ

issued an unfavorable decision on June 6, 2006 [TR 269-79].  The Appeals Council granted Duff's

request for review of the decision and vacated it and remanded it to an ALJ for further proceedings

[TR 280-84].  After a hearing on March 1, 2011, a new decision was issued on March 21, 2011

finding Duff not disabled [TR 16-22, 542-63].

1

At the time the ALJ rendered her decision, Duff was 56 years old. [TR 13-22, 519].  She has completed high school, but has no past work experience [TR 520, 522].  She claims that she became disabled on November 20, 2000 due to hip pain and anxiety [TR 68, 520].

In determining whether a claimant has a compensable disability under the Social Security Act, the regulations provide a five-step sequential process which the ALJ must follow.  20 C.F.R. § 404.1520(a)-(e); *see Walters v. Commissioner of Social Security*, 127 F.3d 525, 529 (6th Cir. 1997). The five steps, in summary, are as follows:

(1)     If the claimant is currently engaged in substantial gainful activity, she is not disabled.

(2)     If the claimant is not doing substantial gainful activity, her impairment must be severe before she can be found disabled.

(3)     If the claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and her impairment meets or equals a listed impairment, the claimant is presumed disabled without further inquiry.

(4)     If the claimant's impairment does not prevent her from doing past relevant work, she is not disabled.

(5)     Even if the claimant's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that accommodates her residual functional capacity and vocational factors (age, education, skills, etc), she is not disabled.

*Id.*  The burden of proof is on the claimant throughout the first four steps of this process to prove that she is disabled.  *Bowen v. Yuckert*, 482 U.S. 137, 146, n. 5 (1987).  If the ALJ reaches the fifth step without a finding that the claimant is not disabled, then the burden shifts to the Commissioner to consider her residual functional capacity, age, education, and past work experience to determine if she could perform other work.  If not, she would be deemed disabled. 20 C.F.R. 404.1520(f).

2

Importantly, the Commissioner only has the burden of proof on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her v. Commissioner of Social Security*, 203 F.3d 388, 391 (6th Cir. 1999).

The ALJ first considered whether Duff met the non-disability requirements to receive disabled widow's benefits. To qualify for these benefits, Duff must establish that she is the widow of a deceased wage earner, has attained the age 50, is unmarried (unless one of the exceptions in 20 C.F.R. § 404.335(e) apply), and is under a disability that began no later than seven years after the wage earner's death or seven years after she was last entitled to Survivor's benefits. *See* 42 U.S.C. § 402(e), § 423, 20 C.F.R. § 404.335 (2012). The ALJ found that Duff satisfied all these requirements, with the prescribed period beginning August 1, 1997 and ending August 31, 2004 [TR 17, 64]. However, because Duff does not allege that she became disabled until November 20, 2000, the relevant time period for determining whether Duff is entitled to disabled widow's benefits is from November 20, 2000 until August 31, 2004 [TR 17, 49, 64].

The ALJ began his analysis at step one by determining that Duff has not engaged in any substantial gainful activity since the alleged onset date [TR 18]. At step two, the ALJ determined that Duff suffers from the following impairments: degenerative disc disease with pain in the low back, right hip and right leg; carpal tunnel syndrome; and varicose veins [TR 19]. However, the ALJ determined that Duff does not have any impairment or combination of impairments that has significantly limited (or is expected to significantly limit) the ability to perform basic work-related activities for 12 consecutive months. As a result, the ALJ determined that Duff does not have a severe impairment or combination of impairments and thus is not disabled.

The ALJ's decision that Duff is not disabled became the final decision of the Commissioner when the Appeals Commission subsequently denied her request for review on June 13, 2012. [TR 9-12]. Duff has exhausted her administrative remedies and filed a timely action in this Court. This case is now ripe for review under 42 U.S.C. § 405(g).

## II.   GENERAL STANDARD OF REVIEW

The decision of the Commissioner must be supported by substantial evidence. *Varley v. Secretary of Health and Human Services*, 820 F.2d 777, 779 (6th Cir. 1987). Once the decision of the Commissioner is final, an appeal may be taken to the United States District Court pursuant to 42 U.S.C. § 405(g). Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to the proper legal standards. *See Cutlip v. Secretary of Health and Human Services*, 25 F.3d 284, 286 (6th Cir. 1994). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* In reviewing the decision of the Commissioner, courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *See id.* Rather, the court must affirm the Commissioner's decision so long as it is supported by substantial evidence, even if the court might have decided the case differently. *See Her*, 203 F.3d at 389-90. However, the court must review the record as a whole, and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

## III.   ANALYSIS

On appeal, Duff presents two issues for consideration. First, she contends generally that the ALJ's decision is not supported by substantial evidence. In support of this argument, Duff points

4

to various medical reports which she claims demonstrates that she suffers from various severe impairments. Second, Duff contends that the Commissioner failed to prove that she has the residual functional capacity to perform a significant range of light work. Since the ALJ disposed of Duff's case at the second step of the sequential evaluation, after finding no severe impairment, there was no residual functional capacity finding. Accordingly, this argument is moot and will not be considered by this Court.

Thus, the only issue before the Court is whether substantial evidence supports the ALJ's finding that Duff did not have an impairment or combination of impairments that was "severe" as required at the second step of the sequential evaluation process during the relevant period. A "severe" impairment is an impairment that significantly limits a claimant's physical or mental abilities to do basic work activities, regardless of age, education, or work experience." *See* 20 C.F.R. § 404.1521(a); *Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir. 1989); *Salmi v. Secretary of Health and Human Services*, 774 F.2d 685, 691-92 (6th Cir. 1985). "Basic work activities" is defined as activities requiring the ability and aptitude necessary to do most jobs, such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling; seeing, hearing, and speaking; understanding, remembering, and carrying out simple instructions; use of judgment; responding appropriately to supervision, coworkers, and usual work situations; and dealing with changes in a routine work setting. *See* 20 C.F.R. § 404.1521(b). Additionally, an impairment is not severe if it does not meet the durational requirement in 20 C.F.R. § 404.1509 that the impairment is expected to result in death or to last for a continuous period of at least twelve months. *See* 20 C.F.R. §404.1520(a)(4)(ii); *Barnhart v. Walton*, 535 U.S. 212, 217 (2002); *Murphy v. Secretary of Health*

5

*and Human Services*, 801 F.2d 182, 185 (6th Cir. 1986). The burden is on the plaintiff to prove that her impairment is severe. *See Higgs*, 880 F.2d at 863.

Duff alleges disabling hip pain. While the medical records demonstrate that she has been diagnosed with hip pain and various related impairments, Duff fails to offer objective medical evidence confirming the severity of the hip pain during the relevant period from November 20, 2000 through August 31, 2004. As the ALJ noted, Duff's impairment from hip pain may have eventually reached the severe level after a December 14, 2004 motor vehicle accident; however, there are simply no objective medical records of any significant limitations on Duff's ability to perform basic work activities during the relevant period. The 1999 medical records of Dr. Russell L. Travis, a neurosurgeon, reveal that Duff suffered from degenerative disc disease, but found nothing that would require surgery. Similarly, Dr. Douglas Kennedy, also noted degenerative disc changes, "but no significant impingement apparently" and x-rays of Duff's hip were negative during the relevant time period [TR 116, 127, 160]. Duff also complains of pain from carpal tunnel syndrome. However, there is no indication in the medical records that she complained of wrist or hand pain until after her accident in December 2004.

In fact, prior to her accident, the records reveal only conservative treatment for all her alleged impairments, which adequately controlled any pain. Prior to August 31, 2004, Duff's general practitioner, Dr. Abdulkader Dahhan, and a neurosurgeon, Dr. John Gilbert, treated Duff for subjective complaints, but Duff declined offers for pain injections and surgery [TR 109-110]. While she did complain about back or hip pain during the relevant time period, the record reveals that Duff saw specialists or underwent testing for her allegedly disabling symptoms on very few occasions. According to the regulations, the fact that Duff did not seek additional treatment or testing can be

6

viewed as inconsistent with a claim of disabling symptoms.  *See* 20 C.F.R. § 404.1529(c)(3)(v); *McGuire v. Commissioner of Social Security*, 1999 WL 196508 (6th Cir. 1999).

Additionally, Duff was advised by various doctors to make lifestyle changes which would improve her alleged symptoms, including losing weight, exercising, and quitting smoking.  There is no indication that she followed this advise.  Duff's failure to comply with these recommendations is further evidence that her condition was not severe.  *See* 20 C.F.R. § 404.1529(c)(3)(v), (4); 20 C.F.R. § 404.1530; *Walton v. Secretary of Health and Human Services*, 1989 WL 43915, at *4 n.3 (6th Cir. May 3, 1989)("Although a claimant's inability or refusal to lose weight does not, per se, preclude a finding of disability, the ALJ could believe that claimant's refusal to lose weight despite the aggravation obesity caused his condition, indicated that perhaps his condition was not as painful as claimant alleged).  In all, there is simply a lack of noteworthy clinical signs or findings to provide substantial evidence that Duff had a severe physical impairment during the relevant period.

While her treating physician, Dr. Dahhan, did provide a statement on April 18, 2006 that Duff "has a history of lumbar disc, arthritis, and diverticulitis" and that "she is unable to work" [TR 21, 266], the ALJ properly rejected this opinion.  Generally, the ALJ must give controlling weight to the opinion of a treating source.  *See* 20 C.F.R. § 416.927(c).  However, the ALJ may decline to give controlling weight to a treating source's opinion when it is inconsistent with other substantial evidence or not supported by medically acceptable clinical and laboratory diagnostic techniques. *See*. 20 C.F.R. § 416.927(c)(2).  When weighing the opinion of a treating source, the ALJ must consider the examining relationship, the length of treatment, whether medical signs and laboratory findings support the opinion, the opinion's consistency with the record, and the source's specialization.  *See* 20 C.F.R. § 416.927(c).  Should the ALJ decline to give controlling weight to

a treating source's opinion, the ALJ must give "good reasons" for this decision. *Rabbers v. Commissioner of Social Security*, 582 F.3d 647, 660 (6th Cir. 2009).

In this case, Dr. Dahhan's opinion does not indicate whether it applies to Duff's 2006 condition, or her condition during the relevant time period from November 20, 2000 to August 31, 2004. Moreover, whether or not Duff is "disabled" is a decision reserved for the Commissioner, and Dr. Dahhan's opinion on this issue it is not binding on the ALJ. 20 C.F.R. § 404.1527(d); *Bass v. McMahon*, 499 F.3d 506, 511 (6th Cir. 2007). Additionally, as explained above, the medical record simply does not support Dr. Dahhan's disabling opinion. Thus, based on a review of the entire record, the Court finds that substantial evidence supports the ALJ's decision to reject the opinion of Dr. Dahhan. Moreover, the decision of the ALJ clearly sets out "good reasons" for rejecting this treating source. Specifically, the ALJ determined that the medical record did not support Dr. Dahhan's opinion, and the state agency consultants who determined that her physical ailments were less than severe were consistent with the overwhelming evidence of non-severity. Accordingly, the ALJ did not err by not affording Dr. Dahhan's opinion greater weight.

There is also substantial evidence in support of the ALJ's finding that Duff did not suffer from a severe mental impairment during the relevant period. While Duff points to records from Cumberland River Comprehensive Care Center, where she was diagnosed with impulse control disorder and mood disorder in January 2006, there is simply no evidence in the record that she ever sought mental health treatment prior to August 31, 2004. Accordingly, the ALJ did not err in finding that her alleged mental impairment was not severe.

For all these reasons, Duff has failed to meet her burden of providing evidence that she had a severe impairment. *See* 20 C.F.R. § 404.1505(a); 404.1509, 404.1520(c), 404.1521(a). Substantial

8

evidence supports the ALJ's findings and conclusion that Duff was not disabled within the meaning

of the Social Security Act during the relevant period.

## IV.    CONCLUSION

For the reasons set forth above, the Court, being fully and sufficiently advised, hereby

**ORDERS** as follows:

    (1)     the plaintiff's motion for summary judgment [DE #9] is **DENIED**;

    (2)     the defendant's motion for summary judgment [DE #10] is **GRANTED**;

    (3)     the decision of the Commissioner is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g) as it was supported by substantial evidence and was decided by proper legal standards;

    (4)     a judgment consistent with this Opinion & Order will be entered contemporaneously.

This April 19, 2013.



Signed By:

**_Karl S. Forester_** $\mathcal{KSF}$

**United States Senior Judge**

9